UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-10070 |
| ) | |
| CHRISTOPHER EBERTS, ) | |
| ) | |
| Defendant. ) | |

### MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE WITH SUPPORTING SUGGESTIONS

The United States of America, by James A. Lewis, United States Attorney, and Patricia McInerney, Assistant United States Attorney, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

1. On June 18, 2013, a federal grand jury sitting in the Central District of Illinois returned a ten count Indictment against the defendant, Christopher Eberts, charging him with seven counts of wire fraud in violation of 18 U.S.C. §1343 and three counts of money laundering in violation of 18 U.S.C. §1957.

2. The Indictment also sought forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c) of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

      a.      Artwork purchased for $35,000 in January 2010;

      b.      Artwork purchased for $8,303 in May 2009; and

      c.      Wrist watch purchased for $9,438.50 in September 2009.

3.    Pursuant to Rule 32.2(b) of the Rules of Criminal Procedure, the United States also sought a personal money judgment against the defendant in the amount of at least $500,000.00 in United States currency, that being the amount of the net proceeds obtained as a result of the offenses charged in the Indictment. *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Casey,* 444 F.3d 1071, 1077 (9th Cir. 2006)(because forfeiture is mandatory, a defendant who has already spent the proceeds of the offense must pay a money judgment; otherwise he will have been allowed to enjoy the fruits of his crime, which would be inconsistent with the remedial purpose of the statute); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets).

4.    The United States also sought the forfeiture of substitute assets pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

5.    On March 16, 2015, the defendant entered a blind plea of guilty to all counts of the Indictment charging violations of 18 U.S.C. §1343 and 18 U.S.C. §1957and agreed to the forfeiture as contained in the Indictment. There was no agreement as to

the amount of the money judgment, which amount will be determined by the Court at the time of sentencing.

6. Based upon the defendant's admissions at the time of his change of plea, the United States has established the requisite nexus between the property and the offenses to which the defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. §981 and 2 and 28 U.S.C. §2461(c).

7. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (a) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

> (b) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

> (c) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to

forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853, incorporated by reference in 28 U.S.C. §2461, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gregory Gilmore, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

9. In accordance with the provisions of 21 U.S.C. §853 and Rule 32.2(b)(3) of the

Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests as follows:

(A) That this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the items identified above and ordering the United States, or its agents or designees, to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

(B) That the Court determine the amount of the money judgment to be entered against the defendant and in favor of the Government after an evidentiary hearing to be held prior to or at the time of sentencing.

(B) That the Court enter a Preliminary Order of Forfeiture as proposed in the attached order.

        Respectfully submitted,

        JAMES A. LEWIS
        UNITED STATES ATTORNEY

        By: /s/ Gregory M. Gilmore
        Assistant United States Attorney
        Illinois Attorney Registration No. 6217499
        318 South 6th Street
        Springfield, Illinois 62701
        (217) 492-4450
        Fax: (217) 492-4044
        E-mail: greg.gilmore@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Gregory M. Gilmore
Assistant United States Attorney
Illinois Attorney Registration No. 6217499
318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4044
E-mail: greg.gilmore@usdoj.gov