UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No.  13-10070 |
| CHRISTOPHER EBERTS, ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court on the government's motion for entry of a Preliminary Order of Forfeiture upon Defendant Christopher Eberts' plea of guilty and pursuant to 18 U.S.C. §981(a)(1)(C) and 18 U.S.C. §982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds as follows:

1. The Indictment in this cause sought forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C) and §982(a)(1) of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. Artwork purchased for $35,000 in January 2010;

    b. Artwork purchased for $8,303 in May 2009; and

    c. Wrist watch purchased for $9,438.50 in September 2009.

2. The United States also sought the entry of a personal money judgment against the defendant, pursuant to Rule 32.2(b) and (c) of the Rules of Criminal

1

Procedure and 18 U.S.C. §982 in the amount of at least $500,000.00, that being the amount of the net proceeds obtained as a result of the offenses charged in the Indictment

3. The United States also sought the forfeiture of substitute assets pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

4. Based upon the defendant's admissions at the time of his change of plea, the United States has established the requisite nexus between the property and the offenses to which the defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. §981 and 2 and 28 U.S.C. §2461(c).

5. This Court will determine the amount of the money judgment to be entered against the defendant and in favor of the United States after an evidentiary hearing on this matter before or at the time of sentencing.

This Court hereby grants the United States' Motion for entry of a Preliminary Order of Forfeiture. Accordingly, it is hereby ordered, adjudged and decreed as follows:

A. All right, title and interest in the following items are hereby forfeited to the United States subject to the provisions of 18 U.S.C. §981 and §982 and 28 U.S.C. §2461, incorporating by reference the provisions of 21 U.S.C. §853, and the United States is hereby authorized to seize said property for disposition in accordance with law :

(1) Artwork purchased for $35,000 in January 2010;

  (2) Artwork purchased for $8,303 in May 2009; and

  (3) Wrist watch purchased for $9,438.50 in September 2009.

 B. Pursuant to Rule 32.2 (b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gregory M. Gilmore, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

 C. Upon adjudication of all third-party interest, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(1), and any sums up to the amount of the money judgment to be entered herein which are forfeited by the Government pursuant to said Final Order and any subsequent order forfeiting substitute assets shall

be applied to restitution to the victims as ordered by this Court.

SO ORDERED:

Dated: __March 27__, 2015.

                                                      s/Joe B. McDade

                                    U.S. District Judge Joe Billy McDade

4